954 F.2d 724
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth B. PIERRE, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-3315.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1992.
 
 Before RALPH B. GUY, ALAN E. NORRIS and BATCHELDER, United States Circuit Judges.
 PER CURIAM.
 
 
 1
 Kenneth B. Pierre appeals from a decision of the Board of Immigration Appeals ("Board"), which ordered him deported to his native Trinidad for fraudulently entering into a marriage with an American citizen in violation of 8 U.S.C. § 1251. Because we conclude that Pierre lacked notice of the hearing that resulted in the Board's deportation order, we reverse and remand for further administrative proceedings.
 
 
 2
 The Immigration and Naturalization Service ("INS") initiated action against appellant on March 10, 1978, alleging that he had married Barbara Ellens in order to evade immigration laws. He and Ellens were divorced in 1977. A deportation hearing was held on March 29, 1978, but ended inconclusively because Ellens was not present to testify. As a result, the immigration judge continued the matter so that all parties could review the transcript of the divorce proceedings to determine whether her presence was required.
 
 
 3
 At this point, the bureaucratic wheels slowed to a glacial pace. The deportation hearing was not rescheduled until 1984. Letters notifying Pierre of the new hearing date were returned unclaimed. Although the attorney who represented appellant in 1978 received notice of the newly scheduled hearing, he informed the immigration judge by letter that he no longer represented Pierre and had not had contact with him since the initial hearing.
 
 
 4
 After another delay of nearly two years, the government asked Immigration Judge Thomas Pullen to reschedule the deportation hearing. On March 16, 1987, Judge Pullen administratively closed the case, noting that Pierre had failed to appear for a status call on May 14, 1986. Under the circumstances, the judge ordered that "no further action will be taken in this matter until such time as the respondent is located." He declined to enter a decision based upon the existing record because "the testimony of the respondent was not completed, the sworn testimony of the respondent's wife was never entered into the record ... and the respondent's whereabouts after nine years are unknown."
 
 
 5
 The INS appealed this ruling to the Board on March 31, 1987. In a decision dated October 11, 1990, the Board concluded that Pierre had received proper notice of the hearings. Rather than remand for further proceedings, the Board held that the immigration judge erred by administratively closing the hearing. It then reviewed the existing record and determined that Pierre had failed to rebut the inference of fraud with regard to his marriage. Accordingly, the Board ordered Pierre deported to Trinidad.
 
 
 6
 Under 8 U.S.C. § 1252 the Attorney General is charged with prescribing regulations to govern the conduct of deportability proceedings. The statute further provides that the "alien shall be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held." 8 U.S.C. § 1252(b)(1) (1982).
 
 
 7
 In this case, there is nothing in the record to indicate that Pierre personally received notice of the 1984 hearing, as evidenced by the fact that notification letters were returned as unclaimed. The Code of Federal Regulations permits notice of a required hearing to be given to the attorney of record "or the person himself if unrepresented." 8 C.F.R. § 292.5(a) (1986). In its decision, the Board does not contend that Pierre received notice, only that his attorney of record did.
 
 
 8
 Immediately upon receiving notice of the 1984 hearing, Pierre's attorney of record informed the judge that he had not been retained by Mr. Pierre in the upcoming matter and, in fact, had not heard from his former client for six years. At that point, the only evidence was that Pierre was "unrepresented." The attorney followed up on the letter by filing a motion to withdraw as counsel.
 
 
 9
 Because the evidence of record that Pierre was "unrepresented" was uncontroverted, and notice was not given to Pierre "himself," we reverse the decision of the Board of Immigration Appeals and remand the cause so that the matter may be reopened and the evidence developed as contemplated by Judge Pullen in his order of March 16, 1987.